

**U.S. Department of Justice**

*United States Attorney*
*District of Maryland*

Sandra Wilkinson
Chief, Major Crimes
Sandra.Wilkinson@usdoj.gov

Suite 400
36 S. Charles Street
Baltimore, MD 21201-3119

DIRECT: 410-209-4921
MAIN: 410-209-4800
FAX: 410-962-0716

July 13, 2015

Richard S. Miller, Esq.
10451 Mill Run Cir
Owings Mills, MD 21117
Phone: (410) 746-2271

Re:   United States v. Robert John Wiseman Jr., Criminal No. CCB 14-523

Dear Mr. Miller:

This letter, together with the Sealed Supplement, confirms the plea agreement which has been offered to the Defendant by the United States Attorney's Office for the District of Maryland ("this Office"). If the Defendant accepts this offer, please have him execute it in the spaces provided below. If this offer has not been accepted by ~~July~~ 30, 2015, it will be deemed withdrawn. The terms of the agreement are as follows:  September    SW

## Offense of Conviction

1.   The Defendant agrees to plead guilty to Count One of the Indictment which charges him with Distribution of Child Pornography, in violation of 18 U.S.C. §§2252(a)(2) & (b)(1). The Defendant admits that he is, in fact, guilty of this offense and will so advise the Court.

## Elements of the Offenses

2.   The elements of Count One to which the Defendant has agreed to plead guilty, and which this Office would prove if the case went to trial, are as follows:

First, that on or about the date charged in the Indictment, in the District of Maryland, the Defendant knowingly distributed a visual depiction;

Second, said visual depiction was shipped or transported in and affecting interstate or foreign commerce by any means, including computer;

Third, the production of said visual depiction involved the use of a minor engaging in sexually explicit conduct;

1

Fourth, said visual depiction is of a minor engaged in sexually explicit conduct; and

Fifth, the Defendant knew that at least one of the individuals in such visual depiction was a minor and knew that the visual depiction was of such minor engaged in sexually explicit conduct.

## Penalties

3. The sentence provided by statute for Count One is not less than five (5) years and not more than twenty (20) years of imprisonment, a $250,000 fine, and supervised release of at least five (5) years and not more than life. In addition, the Defendant must pay $100 as a special assessment pursuant to 18 U.S.C. § 3013 which will be due and should be paid at or before the time of sentencing. This Court may also order the Defendant to make restitution pursuant to 18 U.S.C. §§ 2259, 3663, 3663A, and 3664. If a fine or restitution is imposed, it shall be payable immediately, unless, pursuant to 18 U.S.C. § 3572(d), the Court orders otherwise. The Defendant understands that if he serves a term of imprisonment, is released on supervised release, and then violates the conditions of his supervised release, his supervised release could be revoked - even on the last day of the term - and the Defendant could be returned to custody to serve another period of incarceration and a new term of supervised release. The Defendant understands that the Bureau of Prisons has sole discretion in designating the institution at which the Defendant will serve any term of imprisonment imposed.

4. The Defendant understands and agrees that as a consequence of his conviction for the crimes to which he is pleading guilty, he will be required to register as a sex offender in the place where he resides, where he is an employee, and where he is a student, pursuant to the Sex Offender Registration and Notification Act (SORNA), and the laws of the state of his residence. Failure to do so may subject him to new charges pursuant to 18 U.S.C. § 2250.

## Waiver of Rights

5. The Defendant understands that by entering into this agreement, he surrenders certain rights as outlined below:

   a. If the Defendant had persisted in his plea of not guilty, he would have had the right to a speedy jury trial with the close assistance of competent counsel. That trial could be conducted by a judge, without a jury, if the Defendant, this Office, and the Court all agreed.

   b. If the Defendant elected a jury trial, the jury would be composed of twelve individuals selected from the community. Counsel and the Defendant would have the opportunity to challenge prospective jurors who demonstrated bias or who were otherwise unqualified, and would have the opportunity to strike a certain number of jurors peremptorily. All twelve jurors would have to agree unanimously before the Defendant could be found guilty of any count. The jury would be instructed that the Defendant was presumed to be innocent, and that presumption could be overcome only by proof beyond a reasonable *doubt*.

c.       If the Defendant went to trial, the government would have the burden of proving the Defendant guilty beyond a reasonable doubt. The Defendant would have the right to confront and cross-examine the Government's witnesses. The Defendant would not have to present any defense witnesses or evidence whatsoever. If the Defendant wanted to call witnesses in his defense, however, he would have the subpoena power of the Court to compel the witnesses to attend.

d.       The Defendant would have the right to testify in his own defense if he so chose, and he would have the right to refuse to testify. If he chose not to testify, the Court could instruct the jury that they could not draw any adverse inference from his decision not to testify.

e.       If the Defendant were found guilty after a trial, he would have the right to appeal the verdict and the Court's pretrial and trial decisions on the admissibility of evidence to see if any errors were committed which would require a new trial or dismissal of the charges against him. By pleading guilty, the Defendant knowingly gives up the right to appeal the verdict and the Court's decisions.

f.       By pleading guilty, the Defendant will be giving up all of these rights, except the right, under the limited circumstances set forth in the "Waiver of Appeal" paragraph below, to appeal the sentence. By pleading guilty, the Defendant understands that he may have to answer the Court's questions both about the rights he is giving up and about the facts of his case. Any statements the Defendant makes during such a hearing would not be admissible against him during a trial except in a criminal proceeding for perjury or false statement.

g.       If the Court accepts the Defendant's plea of guilty, there will be no further trial or proceeding of any kind, and the Court will find him guilty.

h.       By pleading guilty, the Defendant will also be giving up certain valuable civil rights and may be subject to deportation or other loss of immigration status. The Defendant recognizes that if he is not a citizen of the United States, pleading guilty may have consequences with respect to his immigration status. Under federal law, conviction for a broad range of crimes can lead to adverse immigration consequences, including automatic removal from the United States. Removal and other immigration consequences are the subject of a separate proceeding, however, and the Defendant understands that no one, including his attorney or the Court, can predict with certainty the effect of a conviction on immigration status. Defendant nevertheless affirms that he wants to plead guilty regardless of any potential immigration consequences.

## Advisory Sentencing Guidelines Apply

6.       The Defendant understands that the Court will determine a sentencing guidelines range for this case (henceforth the "advisory guidelines range") pursuant to the Sentencing Reform Act of 1984 at 18 U.S.C. §§ 3551-3742 (excepting 18 U.S.C. §§ 3553(b)(1) and 3742(e)) and 28 U.S.C. §§ 991 through 998. The Defendant further understands that the Court will impose a sentence pursuant to the Sentencing Reform Act, as excised, and must take into account the advisory guidelines range in establishing a reasonable sentence.

### Factual and Advisory Guidelines Stipulation

7.   This Office and the Defendant understand, agree and stipulate to the Statement of Facts set forth in Attachment A hereto which this Office would prove beyond a reasonable doubt and to the following sentencing guidelines factors:

   a.   The base offense level is twenty two (22) pursuant to U.S.S.G. §2G2.2(a)(2).

   b.   Pursuant to U.S.S.G. §2G2.2(b)(2), there is a two (2) level increase because the offense involved a prepubescent minor or a minor who had not attained the age of 12 years. (Subtotal: 24)

   c.   Pursuant to U.S.S.G. §2G2.2(b)(3)(F), there is a five (5) level increase because the offense involved distribution for the receipt or expectation of a thing of value but not for pecuniary gain. (Subtotal: 29)

   d.   Pursuant to U.S.S.G. §2G2.2(b)(4), there is a four (4) level increase because the offense involved sadistic, masochistic or other depictions of violence. (Subtotal: 33)

   e.   Pursuant to U.S.S.G. §2G2.2(b)(6), there is a two (2) level increase because the offense involved the use of a computer or interactive computer service. (Subtotal: 35)

   f.   Pursuant to U.S.S.G. §2G2.2(b)(7)(A), there is a five (5) level increase as the offense involved at more than 600 images. (Subtotal: 40)

   g.   The government contends that, pursuant to U.S.S.G. §2G2.2(b)(5), there is a five (5) level increase because the defendant engaged in a pattern of activity involving the sexual abuse or exploitation of a minor. The defendant disputes this enhancement.

   h.   Before any adjustment for acceptance of responsibility, the adjusted offense level is either 45 (Government's version) or 40 (Defendant's version).

8.   This Office does not oppose a two-level reduction in the Defendant's adjusted offense level, based upon the Defendant's apparent prompt recognition and affirmative acceptance of personal responsibility for his criminal conduct. This Office agrees to make a motion pursuant to U.S.S.G. §3E1.1(b) for an additional one-level decrease in recognition of the Defendant's timely notification of his intention to plead guilty. This Office may oppose any adjustment for acceptance of responsibility if the Defendant (a) fails to admit each and every item in the factual stipulation; (b) denies involvement in the offense; (c) gives conflicting statements about his involvement in the offense; (d) is untruthful with the Court, this Office, or the United States Probation Office; (e) obstructs or attempts to obstruct justice prior to sentencing; (f) engages in any criminal conduct between the date of this agreement and the date of sentencing; or (g) attempts to withdraw his plea of guilty.

The final adjusted offense level, therefore, is either forty-two (42)(Government's version) or thirty-seven (37) (Defendant's version).

9.  The Defendant understands that there is no agreement as to his criminal history or criminal history category, and that his criminal history could alter his offense level if he is a career offender or if the instant offense was a part of a pattern of criminal conduct from which he derived a substantial portion of his income.

10.  This Office and the Defendant agree that with respect to the calculation of the advisory guidelines range, there are no other offense characteristics or sentencing guidelines factors set forth in the United States Sentencing Guidelines which will be raised or are in dispute. The defendant reserves the right to seek any departure under the guidelines and to any lawful sentence.

### Obligations of the United States Attorney's Office

11.  At the time of sentencing, this Office will recommend a reasonable sentence which gives due consideration to the advisory U.S.S.G. range and the sentencing factors outlined at 18 U.S.C. § 3553(a) but agrees to cap its recommendation at 20 years.

12.  The parties reserve the right to bring to the Court's attention at the time of sentencing, and the Court will be entitled to consider, all relevant information concerning the Defendant's background, character and conduct. Should the defendant seek a departure from the sentencing guidelines or choose to file a sentencing memorandum in this matter, the defendant agrees to file notify the government and file any such memorandum ten business days prior to the date of sentencing or in compliance with the Court's scheduling order, whichever date is earlier.

### Waiver of Appeal

13.  In exchange for the concessions made by this Office and the Defendant in this plea agreement, this Office and the Defendant waive their rights to appeal as follows:

   a.  The Defendant knowingly waives all right, pursuant to 28 U.S.C. § 1291 or otherwise, to appeal the Defendant's conviction.

   b.  The Defendant and this Office knowingly waive all right, pursuant to 18 U.S.C. § 3742 or otherwise, to appeal whatever sentence in imposed (including the right to appeal any issues that relate to the establishment of the advisory guidelines range, the determination of the defendant's criminal history, the weighing of the sentencing factors, and the decision whether to impose and the calculation of any term of imprisonment, fine, order of forfeiture, order of restitution, and term or condition of supervised release).

   c.  Nothing in this agreement shall be construed to prevent the Defendant or this Office from invoking the provisions of Federal Rule of Criminal Procedure 35(a), or from appealing from any decision thereunder, should a sentence be imposed that resulted from arithmetical, technical, or other clear error.

d. The Defendant waives any and all rights under the Freedom of Information Act relating to the investigation and prosecution of the above captioned matter and agrees not to file any request for documents from this Office or any investigating agency.

e. The Defendant further waives any and all motions, defenses, probable cause determinations, objections which defendant could assert to the Indictment or to the Court's entry of judgment against the Defendant, and any imposition of sentence upon the Defendant consistent with this agreement. If Defendant files a notice of appeal, notwithstanding this agreement, Defendant agrees that this case shall be remanded to the district court to determine whether Defendant is in breach of this agreement and, if so, to permit the United States to withdraw from the plea agreement.

## Obstruction or Other Violations of Law

14. The Defendant agrees that he will not commit any offense in violation of federal, state or local law between the date of this agreement and his sentencing in this case. In the event that the Defendant (i) engages in conduct after the date of this agreement which would justify a finding of obstruction of justice under U.S.S.G. §3C1.1, or (ii) fails to accept personal responsibility for his conduct by failing to acknowledge his guilt to the probation officer who prepares the Presentence Report, (iii) moves to withdraw his guilty plea or (iv) commits any offense in violation of federal, state or local law, then this Office will be relieved of its obligations to the Defendant as reflected in this agreement. Specifically, this Office will be free to argue sentencing guidelines factors other than those stipulated in this agreement, and it will also be free to make sentencing recommendations other than those set out in this agreement. As with any alleged breach of this agreement, this Office will bear the burden of convincing the Court of the Defendant's obstructive or unlawful behavior and/or failure to acknowledge personal responsibility by a preponderance of the evidence. The Defendant acknowledges that he may not withdraw his guilty plea because this Office is relieved of its obligations under the agreement pursuant to this paragraph.

## Court Not a Party

15. The Defendant expressly understands that the Court is not a party to this agreement. In the federal system, the sentence to be imposed is within the sole discretion of the Court. In particular, the Defendant understands that neither the United States Probation Office nor the Court is bound by the stipulation set forth above, and that the Court will, with the aid of the Presentence Report, determine the facts relevant to sentencing. The Defendant understands that the Court cannot rely exclusively upon the stipulation in ascertaining the factors relevant to the determination of sentence. Rather, in determining the factual basis for the sentence, the Court will consider the stipulation, together with the results of the presentence investigation, and any other relevant information. The Defendant understands that the Court is under no obligation to accept this Office's recommendations, and the Court has the power to impose a sentence up to and including the statutory maximum stated above. The Defendant understands that if the Court ascertains factors different from those contained in the stipulation set forth above, or if the Court should impose any sentence up to the maximum established by statute, the Defendant cannot, for that reason alone, withdraw his guilty plea, and will remain bound to fulfill all of his obligations under this agreement. The Defendant understands that neither the prosecutor, his counsel, nor

6

the Court can make a binding prediction, promise, or representation as to what guidelines range or sentence the Defendant will receive. The Defendant agrees that no one has made such a binding prediction or promise.

### Forfeiture

16. The defendant agrees to forfeit all right, title and interest in the following property seized by law enforcement authorities from his residence:

- Gateway desktop computer, s/n: DTGCFAA001203066969600
- HP Pavilion laptop, model: dv6000, s/n: CNF7244YFY
- HP Pavilion laptop, model: zv5000, s/n: CND50504T1
- HP Personal Media external hard drive, model: HP3000S, s/n: CNU70504X2
- Seagate hard drive, s/n: 3QF08H14
- Western Digital hard drive, s/n: WMACM1165238
- Seagate hard drive, s/n: 5DB1A11W
- Seagate hard drive, s/n: 9VP5433J
- Western Digital hard drive, s/n: WCALL1047516
- Western Digital hard drive, s/n: WMAHL1066467
- Maxtor hard drive, s/n: E404QMAC
- Maxtor hard drive, s/n: G40SQCYC
- Maxtor hard drive, s/n: K60L54NC
- Western Digital hard drive, s/n: none
- Western Digital hard drive, s/n: WMAL71796432
- Maxtor hard drive, s/n: 4LR4RCP4
- Maxtor hard drive, s/n: L90CDZPS
- Western Digital hard drive, s/n: WN3030953447
- Quantum Fireball hard drive, s/n: LB15A011
- Maxtor hard drive, s/n: N40NW7TC
- Removable media, 2 pieces
- Olympus Digital Camera, model: D535, s/n: none

as well as any property traceable to such property. The Defendant further agrees to take whatever steps are necessary to pass clear title to those properties to the United States.

### Restitution

17. Based on the offense of conviction, and pursuant to 18 U.S.C. §§ 3663A, 2259, and 3771, any identified victim is entitled to mandatory restitution. The restitution could include the medical bills, compensation for time missed from work, as well as counseling costs (including travel) for any of the victims related to the incident, if any such costs exist or are reasonably projected. 18 U.S.C. §§ 2259, 3663A(b)(2) and (4). The Defendant further agrees that he will fully disclose to the probation officer and to the Court, subject to the penalty of perjury, all information, including but not limited to copies of all relevant bank and financial records, regarding the current location and prior disposition of all funds obtained as a result of the criminal conduct set forth in the factual stipulation. The Defendant further agrees to take all reasonable steps to retrieve or repatriate any such funds and to make them available for

7

restitution. If the Defendant does not fulfill this provision, it will be considered a material breach of this plea agreement, and this Office may seek to be relieved of its obligations under this agreement. Defendant understands that an unanticipated amount of a restitution order will not serve as grounds to withdraw Defendant's guilty plea. If the Defendant is incarcerated, the Defendant agrees to participate in the Bureau of Prisons Inmate Financial Responsibility Program.

### Entire Agreement

18.     This letter supersedes any prior understandings, promises, or conditions between this Office and the Defendant and, together with the Sealed Supplement, constitutes the complete plea agreement in this case. The Defendant acknowledges that there are no other agreements, promises, undertakings or understandings between the Defendant and this Office other than those set forth in this letter and the Sealed Supplement and none will be entered into unless in writing and signed by all parties.

If the Defendant fully accepts each and every term and condition of this agreement, please sign and have the Defendant sign the original and return it to me promptly.

Very truly yours,

Rod J. Rosenstein
United States Attorney

By: _____
Sandra Wilkinson
Assistant United States Attorney

I have read this agreement, including the Sealed Supplement, and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. Specifically, I have reviewed the Factual and Advisory Guidelines Stipulation with my attorney, and I do not wish to change any part of it. I am completely satisfied with the representation of my attorney.

30 SEPT. 2015                           _____
Date                                    Robert John Wiseman Jr.

I am Mr. Wiseman's attorney. I have carefully reviewed every part of this agreement, including the Sealed Supplement, with him. He advises me that he understands and accepts its terms. To my knowledge, his decision to enter into this agreement is an informed and voluntary one.

_____                         _____
Date                                    Richard S. Miller, Esq.

8

Attachment A – US v. Wiseman

*The undersigned parties hereby stipulate and agree that the following facts are true and accurate, and that if this matter had gone to trial, the government would have proven the following facts beyond a reasonable doubt. The undersigned parties also stipulate and agree that the following facts do not encompass all of the evidence that would have been presented had this matter gone to trial.*

Defendant Robert John Wiseman Jr., age 55, resided at 944 Foxridge Lane in Essex, Maryland. As detailed below, Wiseman distributed images of children engaged in sexually explicit conduct.

On July 17, 2014, a detective with the Baltimore County Police (BCPD), working in an undercover capacity, was conducting online investigations into the sharing of child pornography using Peer-to-Peer (P2P) file sharing networks - that is, networks which are downloaded from the Internet and are used to exchange or share files between computer users. The detective located an IP address on one of the file sharing programs that was sharing at least one video file named "2010 PTHC KAITLYN NIGHT PEEK AND CUM.MPG" that the detective knew from prior investigations depicted children engaged in sexually explicit conduct. The computer hosting this file was using the IP address 71.245.170.204. The detective successfully downloaded the video that the device at IP address 71.245.170.204 was making available.

The video file downloaded is approximately 4 minutes and 58 seconds long and depicts a prepubescent female, approximately 5 or 6 years old, naked from the waist down and lying on a bed with her legs spread exposing her genitalia. An adult male digitally penetrates the prepubescent female's vagina then performs oral sex on the prepubescent female before digitally penetrating the prepubescent female's anus. The adult male then rubs his erect penis on the vagina of the prepubescent female before masturbating to ejaculation.

The detective next determined that IP address 71.245.170.204 was registered to a Verizon subscriber. According to Verizon, the subscriber was a woman with the initials "CS" living on 944 Foxridge Lane in Essex, Maryland 21221. CS had been the subscriber of IP 71.245.170.204 since December 16, 2013.

On September 3, 2014, the detective obtained a search and seizure warrant for the residence located at 944 Foxridge Lane, Essex, Maryland. On September 9, 2014, at approximately 5:15 a.m., BCPD executed the warrant. CS was present as was Robert Wiseman and two others, including Wiseman's daughter, a minor.

Wiseman was Mirandized and interviewed. The interview was audio recorded. Wiseman told the detective that he used a file sharing program on his Gateway desktop and that he is the only one that uses this desktop computer under his profile. Wiseman stated that his minor daughter also uses the computer but had her own profile. Wiseman admitted to using a file sharing program on and off for the past five years to search for and download child pornography. Wiseman stated that he masturbates to child pornography about once a week. Wiseman explained how the file sharing program works and acknowledged that he was aware that other people were able to download files from him. Wiseman confessed that he used search terms

1

such as hussyfan, 9yo, 10yo, and 11yo (referring to the ages of the children in the pornography he wanted) on his file sharing program to find child pornography.

During the execution of the warrant, a forensic triage was conducted on Wiseman's Gateway desktop computer. The computer was located in Wiseman's bedroom. Numerous image and video files depicting children engaged in sexually explicit conduct were located and found separated into labeled folders on the desktop screen of the computer including videos of bondage and anal penetration involving prepubescent females. The detective also located the video he downloaded on July 17, 2014 entitled "2010 PTHC KAITLYN NIGHT PEEK AND CUM.MPG". Many of the images and videos depict prepubescent females engaged in sexually explicit conduct with adult males.

The following is a description of the items seized from Wiseman's residence and subject to forfeiture in this case:

- Gateway desktop computer, s/n: DTGCFAA001203066969600
- HP Pavilion laptop, model: dv6000, s/n: CNF7244YFY
- HP Pavilion laptop, model: zv5000, s/n: CND50504T1
- HP Personal Media external hard drive, model: HP3000S, s/n: CNU70504X2
- Seagate hard drive, s/n: 3QF08H14
- Western Digital hard drive, s/n: WMACM1165238
- Seagate hard drive, s/n: 5DB1A11W
- Seagate hard drive, s/n: 9VP5433J
- Western Digital hard drive, s/n: WCALL1047516
- Western Digital hard drive, s/n: WMAHL1066467
- Maxtor hard drive, s/n: E404QMAC
- Maxtor hard drive, s/n: G40SQCYC
- Maxtor hard drive, s/n: K60L54NC
- Western Digital hard drive, s/n: none
- Western Digital hard drive, s/n: WMAL71796432
- Maxtor hard drive, s/n: 4LR4RCP4
- Maxtor hard drive, s/n: L90CDZPS
- Western Digital hard drive, s/n: WN3030953447
- Quantum Fireball hard drive, s/n: LB15A011
- Maxtor hard drive, s/n: N40NW7TC
- Removable media, 2 pieces
- Olympus Digital Camera, model: D535, s/n: none

Allegations of sexual abuse of female minors have been made against Wiseman on two separate occasions, once in 1990 and again in 2013. The victim who disclosed abuse in 1990 alleged that, at about the age of 7 years old, Wiseman fondled her breasts and vagina under her clothes. In 2013, another victim alleged that Wiseman had been sexually abusing her since she was 2 years old and had at one time taken a picture of her while she was naked with her legs behind her head in the bathtub. The victim further stated that, when she was 5 or 6 years old, Wiseman took at least four pictures of her without her clothes. During the 2013 investigation, the victim from 1990 came forward again and disclosed additional details of sexual abuse by Wiseman. She stated that, beginning at the age of 2 years old, Wiseman would touch her vagina

while showering with her. At about the age of 4 years old, the victim was exposed to pornography by Wiseman and Wiseman would touch her vagina inside and out. The victim recalled masturbating Wiseman and how, when she was 7, Wiseman engaged in anal intercourse with her. Wiseman denies the abuse described herein.

The forensic examiner found approximately 20 video files and over 10,000 image files containing child pornography on the Gateway desktop computer, some of which were found inside the following directory: \Users\Bob\Downloads\eMule\Incoming. The forensic examiner also found files containing child pornography in the following subdirectories of the "xx" directory located on the desktop of the Gateway computer:

>AwesomeYum
>New Images
>ok
>WOW
>yummy

The distributed video was found on the Gateway desktop under the folder "xx" and the subfolder "WOW". Many of the images depicted prepubescent females under the age of 12 and many involved sadomasochistic images.

Agreed to this __ day of ~~July~~, 2015.

Robert John Wiseman Jr.

3